## HARTFORD FIRE INS. CO. v. HAAGER.

No. 13587.

United States Court of Appeals Fifth Circuit.

May 8, 1952.

[redacted]

G. L. Reeves, Ralph C. Dell, Tampa, Fla., for appellant.

Wm. C. McLean, Wm. C. Pierce, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment for the plaintiff below for the face value of a policy of fire insurance issued by the defendant, appellant here.

The policy, dated October 29, 1948, insured the appellee in the amount of $8,000 against loss by fire on a frame dwelling in Tampa, Florida, and also insured the appellee in the amount of $2,000 against loss by fire on household and personal property usual or incidental to the occupancy of the premises as a dwelling.

On January 15, 1949, the dwelling house and all of its contents were destroyed by fire but the insurer refused to pay the amount of the loss and, as a consequence, the assured filed this suit. The complaint sets forth that the insurance company had due notice and proof of loss as required by the policy; and that, although the assured performed all conditions to entitle him to a performance, the company refused to pay any part of the loss claimed.

Admitting the fire and that there was loss, the insurance company relied on three defenses: First, that the assured did not furnish to the insurance company a proof of loss as required by the policy as a condition precedent to suit; second, that the policy was rendered completely void by reason of false swearing of the insured;[1] and third, that the hazard to the building and the contents therein was increased within the knowledge of the insured by reason of controversy and litigation between the insured and his wife with respect to the interest of each in the dwelling house.[2] The court granted the insured's motion to strike the third defense on the ground that the controversy and litigation with his estranged wife did not bring about any new use of the premises and the case came on for trial before the court without a jury.

As to the issue raised by the first defense, the trial judge found that the insured furnished a list and valuation of the property destroyed, which was accepted by the insurance company in lieu of the formal proof of loss required by the policy. And in regard to the issue raised by the second defense, the trial judge found that although the insured may have misconceived or over-estimated the value of the property and may have made false statements, the insurance company had failed to establish by convincing evidence that the false answers at the time he was interrogated under oath,[3] or in answer to the fourth interrogatory, were knowingly and wilfully made, or that any overestimation of value was done wilfully or with intent

1. The policy provides in part as follows: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto."

2. In this connection, the policy provides in part as follows: "Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring: (a) while the hazard is increased by any means within the control or knowledge of the insured."

3. An examination of the insured was had pursuant to the provisions of the policy which provide that the insured, as often as required, shall submit to examination under oath by any person named by the insurance company.

to defraud. Accordingly, the court entered judgment in favor of the insured and to reverse that judgment this appeal is prosecuted.

 The appellant's first contention here is that the trial court erred in failing to find that the policy was rendered void by reason of the insured's false swearing as to matters material to the inquiry after the fire loss. The appellee, on the other hand, does not deny that knowing and wilful false swearing upon a material matter or fact will void the policy but contends that the question is one of fact and that the trial judge, who had an opportunity to hear all of the evidence and observe the demeanor of the witnesses, found the facts contrary to the appellant's contention and his findings cannot be said to be clearly erroneous. Without undertaking the tedious task of setting forth the testimony concerning the numerous instances of alleged false swearing, we deem it sufficient to say that our consideration of the entire evidence leaves us in no doubt that the appellee is right.

The appellant's next contention is that the insured falsely swore that his estranged wife was not claiming any interest in the house, and that this false swearing voided the policy. We are convinced from our reading of the record that the insured's statements under oath at the examination before trial clearly indicate that a property settlement had not been reached; that the insured was not entirely clear. as to the area of his estranged wife's claims; and that he explained the situation to the best of his ability. But even if he did. make a false statement in this regard, we are no more impressed with its materiality than was the trial judge.

Finally, appellant complains that the court erred in permitting the plaintiff to introduce in evidence a statement made by the insurance agent, at the time he sold the policy to appellee and allowed $2,000 coverage on household and personal property, that he did not need a list of the furnishings because he had seen enough. Appellant has not called our attention to any decision, state or federal, supportive of its contention that the evidence should have been excluded. But assuming, without deciding, that the evidence was inadmissible, we are unable to see wherein it was prejudicial to the appellant.

Other points raised by appellant have. been carefully considered but are without sufficient merit to warrant discussion.

The decision of the court below was right and it is affirmed.